NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUL 17 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HANK ZABALA, | No. 15-16859 |
| Plaintiff-Appellant, | D.C. No. 2:13-cv-00393-RFB-PAL |
| v. | |
| MIKE HALEY, Sheriff of Washoe County; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Richard F. Boulware, District Judge, Presiding

Submitted July 11, 2017[**]

Before:    CANBY, KOZINSKI, and HAWKINS, Circuit Judges.

Former detainee Hank Zabala appeals pro se from the district court's

summary judgment in his 42 U.S.C. § 1983 action alleging constitutional

violations arising from his placement in administrative segregation.  We have

jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Toguchi v. Chung*, 391

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

F.3d 1051, 1056 (9th Cir. 2004).  We affirm.

The district court properly granted summary judgment on Zabala's claims against Sheriff Haley because Zabala failed to raise a genuine dispute of material fact as to whether Sheriff Haley personally participated in the alleged constitutional violations or whether there was a sufficient causal connection between Sheriff Haley's conduct and the alleged constitutional violations.  *See Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (setting forth requirements for establishing supervisory liability under § 1983).

We lack jurisdiction to consider the district court's order denying Zabala's motion for leave to file an amended complaint and granting summary judgment in favor of the remaining defendants because Zabala failed to amend his notice of appeal or file a separate notice of appeal.  *See Whitaker v. Garcetti*, 486 F.3d 572, 585 (9th Cir. 2007).

We do not consider arguments and allegations raised for the first time on appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

15-16859